Plaintiff alleged he was the owner of 691.63 acres of land in Natchitoches Parish, Louisiana, having acquired it from the First National Bank in Shreveport and the Commercial National Bank in Shreveport, and that the two banks acquired it at public sale as the property of A.C. Steere Company, Incorporated; and that he acquired said property subject to a timber deed made to defendant, J.L. Nelm, by A.C. Steere, Incorporated. The land as described is all in Sections 25, 26 and 18, all in Township 11 North of Range 8 West.
The timber deed to Nelm was dated October 4, 1935, and he was granted a term of two years within which to cut and remove the timber, and was given the right to extend the term for one additional year, upon giving written notice not later than thirty days before the expiration of the primary term in the deed, and upon Nelm paying the taxes on the land for the additional year.
When plaintiff acquired the land he did not know the timber had been sold and upon learning it, he entered into an agreement with Nelm by which he paid to him $100 not to extend the term beyond the primary term of two years fixed in the deed. *Page 811 
Nelm's timber deed also covered Section 17, same range and township, which was not covered by plaintiff's deed.
After entering into the agreement with the plaintiff, Nelm put his crew to cutting timber in Section 18 and finished in that Section, according to his land lines, some two weeks before his primary term was up. He then moved his camp and cutters over into Section 17, on which he had exercised his option of an additional year, and cut the timber on Section 17 according to the land lines he had followed in cutting the timber on Section 18.
Plaintiff had a licensed surveyor to run the lines around his property and discovered that defendant had cut after the primary term of the timber deed, some timber on Section 18 and Section 26. Defendant also had a licensed surveyor to run the lines between Sections 17 and 18, and finally defendant agreed that the survey made for plaintiff was a correct one.
Plaintiff then instituted this suit alleging that defendant had in legal bad faith entered on and cut 24,123 feet of pine timber, 553 feet of oak timber and 61 pine trees, measuring 6 to 8 inches in diameter on the stump. He alleged the average price of finished lumber to be $30 per thousand and that defendant is indebted unto him for the timber cut and manufactured in the sum of $740.28, the value of 24,676 feet of timber manufactured into lumber, and $45 for the 61 pine trees he alleged were made into ten cords of pulp wood, valued at $4.50 per cord.
Defendant answered denying bad faith and alleged he cut the timber according to recognized land lines but that if he did make a mistake in the land lines and cut some of plaintiff's timber, he was willing to pay the market price of the stumpage.
The lower court rendered judgment for the plaintiff for 17,000 feet of timber, at $5 per thousand, finding that defendant was not in legal bad faith in cutting the timber.
Plaintiff is prosecuting this appeal.
In this case the record does not justify us in saying the lower court was in error in holding that defendant cut the timber on plaintiff's land in good faith. The only proof of stumpage value in the record is that $5 per thousand is a fair value.
In two different letters to plaintiff, defendant admitted that he had cut 17,000 feet of plaintiff's timber in Section 26. We are of the opinion he is bound by these admissions. It was for that amount the lower court awarded judgment. There can be no doubt that defendant also cut some of plaintiff's timber in Section 18 but we have searched the record in vain to find any separate estimate covering the timber cut in Section 18.
We therefore conclude that a proper judgment in this case is to find that defendant owes plaintiff for 17,000 feet of timber cut from Section 26 at the rate of $5 per thousand and that plaintiff's demands for timber cut in Section 18 be nonsuited.
It therefore follows that the judgment of the lower court is amended by nonsuiting plaintiff's demands for timber cut in Section 18 and affirmed for the amount awarded plaintiff by the lower court; all costs of court to be paid by defendant.